{¶ 38} I write separately because I disagree with the majority's determination that notice by ODRC is a condition precedent for the trial court's jurisdiction to hold a hearing regarding a defendant's status as a sexual predator. Thus, while I concur with the judgment of the majority as it pertains to appellant's second assignment of error, for the reasons that follow, I would overrule appellant's first assignment of error.
 {¶ 39} The majority maintains:
 {¶ 40} "[R.C. 2950.09(C)] clearly requires that the ODRC provide the court with notice of appellant's violent sexual offense prior to initiating the sexual predator hearing. Neither the court nor the prosecutor have the independent authority to initiate the proceedings pursuant to the statute. It is clear that the court would have jurisdiction and would need to hold a hearing under R.C. 2950.09(C)(1)(a) once it was notified by the ODRC. The notice by ODRC triggers the court's jurisdiction to hold the hearing."
 {¶ 41} In my view, such an interpretation of R.C. 2950.09(C) is unduly narrow. While R.C. 2950.09(C) prescribes a recommendation of the ODRC as an aspect of the procedural overlay of Ohio's sexual predator law, I do not think it is a procedural necessity for an adjudication under the statute. My position finds support in the statute as well as case law from other appellate districts.
 {¶ 42} In State v. Clark,[2] the Twelfth Appellate District provided a sound statutory analysis in support of the foregoing conclusion. The court began by noting the General Assembly's definitions for Chapter 2950. Specifically, R.C. 2950.01(G) provides:
 {¶ 43} "An offender * * * is `adjudicated as being a sexual predator' * * * if any of the following applies * * *:
 {¶ 44} "* * *
 {¶ 45} "(4) Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense that is not a registration-exempt sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and the court determines pursuant to division (C) of section 2950.09
* * * that the offender is a sexual predator."
 {¶ 46} Appellant satisfies each of these conditions; to wit, he pleaded guilty and was sentenced for a sexually-oriented offense prior to January 1, 1997; he was imprisoned in a state correctional institution on or after that date; and the court determined that he was a sexual predator. The legal phrase "adjudicated as being a sexual predator" does not include any additional jurisdictional requirements.
 {¶ 47} It is patent that R.C. 2950.09(C)(1) applies to appellant through R.C. 2950.01(G)(4). By its terms, R.C. 2950.09(C)(1)(a) instructs the ODRC to "notify the court that sentenced the offender" that the offender is subject to the mandates R.C. 2950.09; however, the statute does not further provide that the court may conduct a sexual predator hearing only if the department so notifies.[3] In fact, the "shall" language of R.C. 2950.09(C)(1)(a) seems to indicate the court has a mandate to conduct a hearing regardless of whether the ODRC follows its obligation to notify.
 {¶ 48} When the statute is read in this light, it is apparent that R.C. 2950.09(C)(1) does not address the trial court's jurisdiction. Rather, the provisions simply act as procedural instruments by which the trial court receives a sexual predator adjudication case. "In matters of jurisdiction, the General Assembly intended that R.C. 2950.01(G) control."[4] Accordingly, the notification of the ODRC is merely advisory and not a mandatory jurisdictional prerequisite.[5]
 {¶ 49} Notwithstanding the above reasoning, the majority's position has clear practical downsides, to wit, transmuting the ODRC's recommendation into a necessary pre-condition for a hearing undermines the even-handed application of the law as well as encumbers judicial efficiency. Under the circumstances of an R.C. 2950.09 adjudication, these are important goals; goals that should be not be forsaken at the hands of an incidental administrative snafu.
 {¶ 50} Accordingly, I concur with the majority in judgment only; I would therefore overrule appellant's first assignment of error and reverse this matter solely on the basis of appellant's second assignment of error.
[2] State v. Clark (Mar. 29, 1999), 12th Dist. No. CA98-11-103, 1999 Ohio App. LEXIS 1371.
[3] Clark, supra at 7.
[4] Clark, supra at 9.
[5] See, also, State v. Shepherd, 9th Dist. No. 20364, 2002-Ohio-455;State v. Hardy (Oct. 16, 1997), 8th Dist. No. 72463, 1997 Ohio App. LEXIS 4643; State v. Henes (Nov. 2, 2001), 6th Dist. No. L-01-1222, 2001 Ohio App. LEXIS 4880.